Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| EVOLUTION SERVICES GROUP, LLC<br><br>Recurridos<br><br>v.<br><br>SOJITZ DE PUERTO RICO CORPORATION H/N/C GENESIS PUERTO RICO y como HYUNDAI DE PUERTO RICO<br><br>Peticionaria | KLCE202500184 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2024CV01833<br><br>Sala: 701<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO, COBRO DE DINERO – ORDINARIO |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de marzo de 2025.

Comparece ante *nos*, Sojitz de Puerto Rico Corporation h/n/c Genesis de Puerto Rico y Hyundai de Puerto Rico (recurrente) y nos solicita que revisemos y revoquemos una *Resolución* emitida el 16 de diciembre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la solicitud de desestimación que presentó la parte recurrente.

Por los fundamentos antes expuestos, se *deniega* el auto de *certiorari*.

### I.

El 4 de abril de 2024, Evolution Services Group, LLC. (recurrida) presentó una *Demanda* en contra de la parte recurrente, sobre incumplimiento de contrato y cobro de dinero. En apretada

Número Identificador

RES2025 _____

síntesis, alegó que el 1 de julio de 2020, suscribieron un Contrato de Servicios Profesionales con Genesis de Puerto Rico, mediante el cual la parte recurrida le prestaría servicios de limpieza y mantenimiento a las áreas de servicio de Genesis de Puerto Rico. Arguyó, además, que el 21 de julio de 2020, la recurrida y Hyundai de Puerto Rico suscribieron un Contrato de Servicios con cláusulas similares.

Así pues, la parte recurrida sostuvo que el 2 de mayo de 2023, le envió una carta tanto a Genesis Puerto Rico como a Hyundai Puerto Rico, mediante la cual les informó que debido al aumento del salario mínimo de $8.50 a $9.50 la hora se veían obligados a aumentar las facturas en un 12%, a partir del 1 de julio de 2023. Esbozó que el 20 de mayo de 2023, Hyundai Puerto Rico les envió un correo electrónico informando que no estaban de acuerdo con el aumento del contrato, para ninguna de las dos facilidades; por lo que, no estarían renovando los contratos con la compañía. Manifestó, además, que posterior al correo electrónico del 20 de mayo de 2023, continuó prestando servicios y la parte recurrente no envió otro comunicado confirmando o reiterando la cancelación de los contratos treinta (30) días antes de la fecha de vencimiento.

Asimismo, la parte recurrente adujo que el 1 de agosto de 2023, sus empleados se presentaron en las facilidades de Genesis y Hyundai de Puerto Rico, pero no se les permitió la entrada y fueron informados de la intención de la parte recurrida de prescindir de los servicios de la parte recurrente. Consecuentemente, la parte recurrida solicitó, entre otras cosas, el pago de $61,520.81 por parte de Genesis Puerto Rico y $53,011.71 de Hyundai Puerto Rico.

Así las cosas, el 11 de julio de 2024, la parte recurrente presentó una *Moción de Desestimación*. En esta, solicitó la desestimación de la *Demanda* por dejar de exponer una reclamación que justifique la concesión de un remedio. Acentuó que cumplió con

el requisito de notificación de su intención de no renovar el contrato entre las partes y que la parte recurrida actuó de manera consistente con su intención de aceptar la notificación por correo electrónico. Entretanto, el 9 de agosto de 2024, la parte recurrida presentó una *Oposición a Moción de Desestimación y/o en Solicitud de Sentencia Sumaria [...]*. En la misma, solicitó que se considerara la solicitud de desestimación de la parte recurrente como una solicitud de sentencia sumaria, la denegara y que se declarara ha lugar su solicitud de sentencia sumaria. Solicitó, además, que se declarase que los contratos suscritos se renovaron automáticamente.

El 20 de septiembre de 2024, la parte recurrente presentó su *Respuesta a Oposición a Moción de Desestimación [...]*. En ajustada síntesis, razonó que no procedía que se atendiera la solicitud de desestimación como una de sentencia sumaria, pues no se les había brindado a las partes la oportunidad de realizar el descubrimiento de prueba. Además, enfatizó que procedía desestimar la *Demanda* por las razones expuestas en la *Moción de Desestimación*.

Subsiguientemente, el 16 de diciembre de 2024, el foro primario emitió una *Resolución* mediante la cual determinó que procedía evaluar la solicitud de desestimación como una solicitud de sentencia sumaria. Asimismo, el TPI concluyó que no existe controversia sobre que la parte recurrente no cumplió con los requisitos acordados entre las partes para impedir la renovación automática de la relación contractual. Indicó, además, que procede la celebración de una vista evidenciaría para dilucidar el valor de los daños y las cuantías adeudadas.

El 2 de enero de 2025, la parte recurrente presentó una *Solicitud de Reconsideración*. Así, el 23 de enero de 2025, la parte recurrida presentó una *Oposición a Solicitud de Reconsideración*. Consecuentemente, el 24 de enero de 2025, el TPI emitió una

*Resolución y Orden* mediante la cual denegó la solicitud de reconsideración de la parte recurrente.

Inconforme, el 24 de febrero de 2025, la parte recurrente compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL EVALUAR LA MOCIÓN DE DESESTIMACIÓN DE SDPR COMO UNA SOLICITUD DE SENTENCIA SUMARIA**.

> **SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN PORQUE EVOLUTION ACEPTÓ LA NO RENOVACIÓN DE LOS CONTRATOS POR SDPR.**

> **TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL RESOLVER LA CONTROVERSIA MEDULAR DEL CASO MEDIANTE SENTENCIA SUMARIA EN TAN TEMPRANA ETAPA DE LOS PROCEDIMIENTOS, SIN PROVEER UNA OPORTUNIDAD A LAS PARTES PARA REALIZAR DESCUBRIMIENTO DE PRUEBA Y A PESAR DE QUE ELLA ENVUELVE ELEMENTOS SUBJETIVOS DE INTENCIÓN.**

El 26 de febrero de 2025, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida un término de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Posteriormente, la parte recurrida presentó un *Alegato en Oposición a Expedición de Certiorari.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.** *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913

(2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* de epígrafe, a la luz de la *Resolución* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar minuciosamente el trámite procesal del caso y la *Resolución* del 16 de diciembre de 2024, no encontramos indicio de que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689 (2012).

En el caso ante *nos*, el foro *a quo* tuvo la oportunidad de evaluar detenidamente la *Moción de Desestimación*, la *Oposición a*

*Moción de Desestimación y/o en Solicitud de Sentencia Sumaria [...]* y la *Respuesta a Oposición a Moción de Desestimación [...]* y, en consecuencia, emitió la *Resolución* recurrida. Así pues, la *Resolución* que emitió el foro primario fue a base de las mociones dispositivas presentadas y la evidencia disponible en el expediente.

Asimismo, es importante puntualizar que el TPI le concedió a la parte recurrente amplia oportunidad para presentar su posición a la solicitud de sentencia sumaria. En consecuencia, el recurrente presentó su *Respuesta a Oposición a Moción de Desestimación [...].* Por lo que, reiteramos, que no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho al emitir su decisión. Así, con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho.

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

En consecuencia, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el recurso de *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones